## SMITH *v.* THE STATE.

RETAILING—INFORMATION.—Information, charging that defendant on, etc., sold "three gills of intoxicating liquor, the same being of less quantity than a quart," etc., is good.

COSTS—COMMITMENT.—There was no error in ordering the defendant to be committed to prison till the fine and costs were paid or replevied.

APPEAL from the *Howard* Common Pleas.

ELLIOTT, J.—Information for retailing spirituous liquors without license; motion to quash overruled; trial by the court; conviction of the defendant; motion for new trial overruled; and judgment.

The first question presented is as to the sufficiency of the information.    It charges that the defendant on, etc., "at and in *Howard* county, and state of *Indiana*, did unlawfully sell to *William Widler* three gills of intoxicating liquors, the same being of a less quantity than a quart, for the sum of fifteen cents; the said *Smith* not then and there being licensed, according to law, to sell intoxicating liquors in a less quantity than a quart at a time," etc.    It seems

The Indianapolis, Pittsburg, and Cleveland R. R. Co. *v.* Keeley's Adm'r.

to contain every necessary averment to constitute the offense, and is, we think, clearly good.

The second error assigned is, that the finding of the court is contrary to the evidence. We have examined the evidence, and think it fully sustains the finding.

The third objection is that the court erred in ordering that the defendant should be committed to prison until the fine *and costs* were paid or replevied. This was right. See *McCool* v. *The State*, at this term.

Judgment affirmed, with costs.

*James W. Robinson*, for appellant.

*Oscar B. Hord*, Attorney General, for the State.